## Homrich's Estate.

*Recognizances — Recognizance for support of minor child — Death of recognizor—Discharge.*

A recognizance of decedent, entered into during his lifetime, for the payment of support for his minor child until his arrival at the age of sixteen years, is a personal obligation which dies with the obligor.

Adjudication of executor's account. O. C. Berks Co., Sept. T., 1926, No. 49, File No. 11130.

*James B. Baker*, for accountant; *Randolph Stauffer*, for claimant.

SCHAEFFER, P. J., Oct. 5, 1926.—At the audit of the account, Lizzie Homrich, representing herself to be the mother and natural guardian of Lawrence Homrich, a minor, presented a petition to the court, wherein she sets out that the Court of Quarter Sessions of Berks County, on June 20, 1925, entered a decree directing the decedent here, who was the father of said minor, to pay the sum of $7 per week to her for the support and maintenance of the minor until his arrival at the age of sixteen years; and that, on June 26, 1920, the decedent entered into his own recognizance for the payment of the support so ordered. She further represents that, on Nov. 15, 1925, the date of decedent's death, he was in arrears on said payments of $19. She prays the court to direct the accountant here not only to pay the arrearages due at the date of decedent's death, but to impound in the latter's hands a sufficient sum of

Homrich's Estate.

money to provide for the carrying out of the order of the Court of Quarter Sessions until the child has arrived at the age of sixteen years.

Assuming the allegations of the petition to be true, and they are not disputed, we fail to see what authority we have for directing this accountant to pay more than the arrearages due at the time of the decedent's death. The recognizance of the decedent, entered into during his lifetime, was a personal obligation binding him to carry out the order of the Court of Quarter Sessions. But it went no farther than that. When he died, the obligation died with him. The principle we have in mind, we think, is stated very clearly in 3 Ruling Case Law, 55, where it is said: "That an act of God, rendering performance of the condition in a recognizance or bond impossible, always discharges the party bound from performing the obligation."

The petitioner has called our attention to Stumpf's Appeal, 116 Pa. 33, where there was also a child, but in place of a recognizance, there was a contract in writing for the support and maintenance of said child, and it was held that this contract created a liability not limited by the lifetime of the father of the child. In that case the general rule is repeated, that the personal representatives of a decedent are responsible on all his contracts; but the exception is also noted, that where an executory contract is of a strictly personal nature, the death of the party undertaking the obligation absolutely determines the contract. There can hardly be any doubt that a recognizance comes within the exception; and, therefore, while we shall direct the accountant to pay to the petitioner the sum of $19, the arrearages due to the decedent's death, we must decline to impound any money in her hands for payments beyond that time.　　From Charles K. Derr, Reading, Pa.